UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HARTWELL & <br> MELANIE HARTWELL   h/w ) <br> ) <br> Plaintiffs ) <br> vs. ) <br> ) <br> ) <br> BUREAU OF COLLECTION ) <br> RECOVERY, INC. ) <br> Defendant ) <br> ) | | Case Number <br><br> CIVIL COMPLAINT <br><br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, William Hartwell and Melanie Hartwell, h/w by and through their undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1. Plaintiffs, William Hartwell and Melanie Hartwell h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III. PARTIES

4. Plaintiffs, William Hartwell and Melanie Hartwell, h/w are adult natural persons residing at 227 Boundary Avenue, Deland, Florida 32720.

5. Defendant, Bureau of Collection Recovery, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania with its registered office located at 116 Pine Street, Ste.320, Harrisburg, PA 17101 and its principal place of business located at 7575 Corporate Way, Eden Prairie, MN 55344.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around September, 2009, Plaintiffs began receiving calls from Defendant's agent, "Renee", demanding payment on a debt owed to T-Mobile for around $500.00.

8. Defendant's agent, "Renee", has called Plaintiff, Melanie Hartwell, every day since September of 2009, on her personal cell phone asking for an acceptable payment arrangement on the debt.

9. Plaintiffs have never received an initial five day letter from the Defendant and as of the filing of this complaint have still received nothing in writing from the Defendant.

10. Defendant's agent, "Renee", has told the Plaintiff, Melanie Hartwell that they need to find a way to pay their debt.

11. In or around October, 2009, Plaintiff, William Hartwell, received calls to his home demanding full payment of the outstanding debt. Plaintiff, William Hartwell, has tried to explain to the Defendant that he is out of work and that he cannot afford to pay $500 at one time.

12. Plaintiffs have repeatedly asked Defendant and their agents to cease calling their homes and personal cell phones; however Defendant and their agents continue to call.

13. In or around the beginning of November, Defendant told the Plaintiffs to borrow money from a family member to pay off the debt. Plaintiffs told the Defendant that they could not so this.

14. Around that same time, Plaintiffs were told by Defendant's agent that they should take a loan to pay their outstanding debt off. Taking a loan was not an option for the Plaintiffs.

15. In or around the beginning of November, 2009, Plaintiffs requested validation of the above mentioned debt. As of the filing of this complaint the Plaintiffs have received nothing in the writing from the Defendant.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

20. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, invasion of privacy, damage to Plaintiffs credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

21. The above paragraphs are hereby incorporated herein by reference.

22. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The foregoing acts and omissions constitute violations of the FDCPA, 1including but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6) | Place telephone calls without disclosing his/her identity |
| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

      §§ 1692g       Failure to send consumer 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Bureau of Collections Recovery, Inc. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  November 19, 2009**    **BY:**     _/s/  Brent F. Vullings_
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiffs